IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

**CHRISTOPHER JAMES LEE**                                                                                    **PETITIONER**

V.                                                            CIVIL ACTION NO. 3:20CV713 HTW-LGI

**WARDEN STEVEN REISER**[1]                                                                                  **RESPONDENT**

### REPORT AND RECOMMENDATION
### OF UNITED STATES MAGISTRATE JUDGE

Petitioner Christopher James Lee filed the instant petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241, while incarcerated in the Federal Correctional Complex in Yazoo City, Mississippi. Petitioner, who has since been released, contends that the Bureau of Prisons ("BOP") has failed to credit him with Earned Time Credit under the First Step Act of 2018. Respondent asserts that the petition should be dismissed because Petitioner's claims were not ripe at the time of filing, and because he has failed to exhaust his administrative remedies. Having considered the submissions of the parties and the applicable law, the undersigned recommends that the petition be dismissed for the reasons that follow.

The First Step Act provides that eligible inmates may earn First Step Act Time Credits towards pre-release custody (*i.e.*, home confinement or halfway house placement), or an early transfer to supervised release, if they successfully complete BOP

---

[1] The proper respondent in habeas challenges is the custodian of the petitioner. 28 U.S.C. § 2242-2243. Because jurisdiction over a § 2241 petition attaches at the time of filing, this court has jurisdiction, notwithstanding his transfer to a different facility and custodian. *Griffin v. Ebbert*, 751 F.3d 288, 290 (5th Cir. 2014).

approved "evidence-based recidivism reduction programs or productive activities" that are assigned to the inmate based on the inmate's risk and needs assessment. 18 U.S.C. § 3621(h)(2). Though the record in this case reflects that since filing the instant petition, Petitioner's halfway house date was moved up twice due to pre-release custody credit, [2] Petitioner asserts that he is entitled to habeas relief because BOP failed to apply earned time credits under the First Step Act. However, most courts considering this issue agree that BOP was not required to apply earned time credits until the time period for phasing in the First Step Act expired on January 15, 2022. 18 U.S.C. § 3621(h)(4). *See Hills v. Carr*, No. 4:21-CV-737-P, 2021 WL 4399771, at *4 (N.D. Tex. Sept. 27, 2021) (citing cases). Because Petitioner filed the instant petition before January 15, 2022, Respondent asserts that Petitioner's claims were not ripe at the time of filing and should be dismissed as premature. *See, e.g., Llewlyn v. Johns*, No. 5:20-CV-77, 2021 WL 535863, at *2 (S.D. Ga. Jan. 5, 2021), *report and recommendation adopted,* No. 5:20-CV-77, 2021 WL 307289 (S.D. Ga. Jan. 29, 2021) (providing "[b]ecause the First Step Act does not require actual implementation for each inmate until January 2022, the [petitioner] is not entitled to an order from this Court compelling the BOP to recalculate his time credits. His petition is premature, and his claim is not yet ripe.").

Alternatively, Respondent notes that the petition is subject to dismissal because Petitioner failed to exhaust his administrative remedies before filing. Petitioner does not

---

[2] It was initially unclear whether the additional pre-release custody credit that Petitioner received was based on a determination that he was entitled to credit pursuant to the First Step Act. However, Respondent now advises in his supplemental response to the petition that Petitioner was not eligible for credit under the First Step Act.

deny his failure to exhaust, nor does he contend that extraordinary circumstances warranted an exception to the exhaustion requirement. Rather, he claims that exhaustion was futile because he did not receive a response to his administrative remedies request at the initial level of the BOP's administrative remedy procedure.[3] He also appears to assert that exhaustion would have been futile because his release date was fast approaching, and further delay would have caused irreparable harm.

Given the parties' disagreement over Petitioner's "eligibility for, participation in, and applicability of the various programs he claims to have completed to any potential time credits under the FSA," further administrative proceedings would have been useful, not futile. *Cohen v. United States*, No. 20-CV-10833 (JGK), 2021 WL 1549917, at *4 (S.D.N.Y. Apr. 20, 2021). That said, the law is clear. An inmate challenging the computation and execution of his sentence must complete all steps in the administrative remedies process prior to filing a 28 U.S.C. § 2241 habeas petition. *Woodford v. Ngo*, 548 U.S. 81, 89–92, 126 S. Ct. 2378, 165 L. Ed. 2d 368 (2006); *Qattoum v. Gillis*, No. 5:18-CV-137-DCB-MTP, 2020 WL 2841784, at *3 (S.D. Miss. June 1, 2020) (petitioner

---

[3] Petitioner also asserts that he initiated the exhaustion process by filing a BP-S148.055 form. However, this form is not part of BOP's administrative remedy program. That process requires that an inmate must first file a BP-8 form requesting informal resolution. If this is unsuccessful, the inmate must submit a formal written Administrative Remedy Request directly to the Warden through a BP-9 form within 20 days after the basis for the grievance occurred. Within 20 calendar days of the Warden's response, the inmate may appeal to the Regional Director by filing a BP-10 form. If not satisfied with the Regional Director's response, the inmate may appeal by submitting a BP-11 form to the General Counsel within 30 days of the Regional Director's response. Upon completing this multiple-tiered review process, a federal inmate has exhausted his administrative remedies. 28 C.F.R. § 542.10–542.19.

must exhaust his FSA claim concerning Earned Time Credit with the BOP before filing federal habeas petition). *See also Taylor v. Warden, FCI Beaumont*, No. 1:20-CV-492, 2021 WL 3924082, at *2 (E.D. Tex. July 28, 2021), *report and recommendation adopted,* No. 1:20-CV-492, 2021 WL 3912744 (E.D. Tex. Sept. 1, 2021) (same). This is so even when the inmate may be entitled to immediate release. *Preiser v. Rodriguez*, 411 U.S. 475, 494–95, 93 S. Ct. 1827, 36 L. Ed. 2d 439 (1973). Moreover, it is not enough to merely initiate the grievance process. Petitioners must pursue the "grievance remedy to conclusion." *Wright v. Hollingsworth*, 260 F.3d 357, 358 (5th Cir. 2001); *Porter v. Peterson*, 747 F. App'x 247, 248 (5th Cir. 2019).[4] A lack of response will also not excuse a failure to exhaust. *Nelson v. Natal*, No. 3:17CV716 CWR-LRA, 2019 WL 1304259, at *3 (S.D. Miss. Feb. 14, 2019), *report and recommendation adopted,* No. 3:17-CV-716-CWR-LRA, 2019 WL 1301974 (S.D. Miss. Mar. 21, 2019). The Bureau's administrative remedies policy expressly provides that "[i]f the inmate does not receive a response within the time allotted for reply, including extension, the inmate may consider the absence of a response to be a denial at that level," and proceed with the remaining steps. 28 C.F.R. § 542.18.

---

[4] Initially, in support of his contention that the petition should be dismissed for failure to exhaust administrative remedies, Respondent submitted a declaration from the Case Management Coordinator at FCC Yazoo averring that a SENTRY search revealed no "remedy requests concerning the First Step Act or the Bureau's policy concerning the calculation of application of Earned time Credits." ECF No. 13-1, p. 3. Although not entirely clear, Respondent appears to concede that Petitioner initiated the exhaustion process by submitting a request to the warden at the administrative level.

In addition to the foregoing, the undersigned takes judicial notice that Petitioner was released from custody on October 31, 2022. Thus, the instant petition, which seeks an early release under the First Step Act, has likely been rendered moot. *Zalawadia v. Ashcroft*, 371 F.3d 292, 297 (5th Cir. 2004).

"Under Article III of the Constitution, federal courts may adjudicate only actual, ongoing cases or controversies." *Lewis v. Cont'l Bank Corp.*, 494 U.S. 472, 477, 110 S. Ct. 1249, 108 L. Ed. 2d 400 (1990) (citation omitted). The "case or controversy" requirement subsists throughout the case during all stages, and a case becomes moot if it no longer presents a case or controversy. *Spencer v. Kemna*, 523 U.S. 1, 7, 118 S. Ct. 978, 140 L. Ed. 2d 43 (1998) (citing *Lewis*, 494 U.S. at 477–78). However, a habeas petition "is not moot simply because a 28 U.S.C. § 2241 petitioner is no longer in custody." *Salgado v. Fed. Bureau of Prisons*, 220 F. App'x 256, 257 (5th Cir. 2007) (citing *Brown v. Resor*, 407 F.2d 281, 283 (5th Cir. 1969)). But a petitioner must demonstrate "some concrete and continuing injury other than the now-ended incarceration (or parole)—some 'collateral consequence' of the conviction—if the suit is to be maintained." *Spencer*, 523 U.S. at 7. Thus, "[f]or the courts to exercise jurisdiction over a petitioner no longer in custody, that petitioner must demonstrate both that he was in custody when he filed the petition, and that his subsequent release has not rendered the petition moot." *Zalawadia*, 371 F.3d at 297.

Petitioner has not made this showing here. Although he met the custody requirement when he initially filed his petition, Petitioner has not demonstrated that his petition presents a concrete and continuing injury following his release. On the contrary,

5

he has not pursued his First Step Act claim, or otherwise communicated with the Court since he was transferred to a halfway house in November 2021 and released from custody in October 2022.   Petitioner's inaction as well as his failure to maintain a current address with the clerk of court, as required under the Local Rules, suggests that he has lost interest in pursuing his claims since his release from custody. [5]

Finally, in addition to the reasons set forth herein, SENTRY records recently submitted by Respondent indicate that a determination was subsequently made by BOP during the pendency of this petition, that Petitioner was not, in fact, eligible for credit under the First Step Act.  Petitioner, who has not pursued his claim since his release from custody, has not refuted this determination.  His contentions to the contrary, rather, appear to be entirely without merit, and his petition is subject to dismissal on this basis alone.  For this reason, and for the other reasons asserted herein, the undersigned recommends that the instant petition be dismissed.

## NOTICE OF RIGHT TO APPEAL/OBJECT

Pursuant to Rule 72(a)(3) of the Local Uniform Civil Rules of the United States District Courts for the Northern District of Mississippi and the Southern District of Mississippi, any party may serve and file written objections within 14 days after being served with a copy of this Report and Recommendation.  Within 7 days of the service of

---

[5] "Every attorney and every litigant proceeding without legal counsel has a continuing obligation to notify the clerk of court of address changes." *See* Local Rule 11(a).  Pursuant to Rule 41 of the Federal Rules of Civil Procedure, a district court possesses inherent authority to dismiss an action for failure to prosecute or for failure to comply with a court order. *See McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988) (citing *Link v. Wabash R. Co.*, 370 U.S. 626, 630–31, 82 S. Ct. 1386, 8 L. Ed. 2d 734 (1962)).

the objection, the opposing party must either serve and file a response or notify the District Judge that he or she does not intend to respond to the objection.

The parties are hereby notified that failure to file timely written objections to the proposed findings, conclusions, and recommendations contained within this report and recommendation, shall bar that party from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, except upon grounds of plain error.  28 U.S.C. § 636, Fed. R. Civ. P. 72(b) (as amended, effective December 1, 2009); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996).

Respectfully submitted on March 7, 2023.

s/ LaKeysha Greer Isaac
UNITED STATES MAGISTRATE JUDGE
